Darren Richie (State Bar No. 316116)
*darren@richielitigation.com*
Kathleen Gadalla (State Bar No. 325473)
*kathleen@richielitigation.com*
**RICHIE LITIGATION, P.C.**
204 West 4th Street, Suite 330
Santa Ana, CA 92701
Tel: (213) 265-7888
Fax: (844) 314-1380

Attorneys for Plaintiff Jesus Ortiz Paz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ORTIZ PAZ, an individual,<br><br>        Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN BERNARDINO, OFFICER M. GUZZINO, an individual, OFFICER A. BALCAZAR, an individual, OFFICER A. CERITOS, an individual, and DOES 1-50, inclusive.<br><br>        Defendants. | Case No.: 20-cv-01486-JGB-KK<br><br>FIRST AMENDED COMPLAINT<br><br>1. **UNLAWFUL DETENTION (42 U.S.C §1983)**<br>2. **EXCESSIVE FORCE (42 U.S.C. §1983)**<br>3. **ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. §1983)**<br>4. **FALSE IMPRISONMENT (42 U.S.C. §1983)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

      Plaintiff Jesus Ortiz Paz ("Plaintiff" or "ORTIZ"), by and through his attorneys of record, bring this Complaint against the above-named Defendants, and in support alleges as follows:

*//*

## INTRODUCTION

On May 11, 2019, Jesus Ortiz Paz was terrorized by San Bernardino Police Officers while legally sitting in the back seat of a vehicle. The incident began after officers responded to a noise complaint incident at home where the resident had thrown a party on a Saturday night. The officers became frustrated when they could not find the owner of the home and the home owner failed to comply with the officers' commands to cease playing music. Thereafter, the officers retaliated by giving frivolous vehicle code citations and traffic tickets to every person who had attended the party. One of the victims of this retaliation was Plaintiff: three officers battered Plaintiff as they unreasonably detained him during an unconstitutional traffic stop. The officers forcefully slammed Plaintiff to the ground, twisted both of Plaintiff's arms behind his back, then beat Plaintiff repeatedly while grinding Plaintiff's face onto the concrete surface.

## GENERAL ALLEGATIONS

1.      Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3) and (4), et. seq.

2.      This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

3.      Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Bernardino, California, within the Southern District.

4.      Plaintiffs have complied with Government Code §§ 800 et seq.

## PARTIES

5.      Plaintiff is an individual and is now, and at all times mentioned in this complaint was, a resident of San Bernardino County, California.

COMPLAINT

6.      Defendants are individuals and are now, and at all times mentioned in this complaint were individuals believed to be residents in San Bernardino County, California.

7.      At all times relevant to this complaint, Defendant San Bernardino County was a municipal corporation operating in San Bernardino County, California and operating the San Bernardino Police Department and employing individual defendant officers, who were acting within the scope of their employment.

8.      Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 50, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

## FACTUAL ALLEGATIONS

9.      Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

10.      On Saturday, May 11, 2019, Plaintiff attended a party held at 797 West 27th Street, in the city of San Bernardino. The party was thrown as a joint celebration of Plaintiff's birthday, as well as Mother's Day. Plaintiff does not own or reside at the 797 West 27th Street home.

11.      On or around 10:30 p.m. on May 11, 2019, Defendant Officer Guzzino ("Officer Guzzino"), Defendant Officer Balcazar ("Officer Balcazar"), and Defendant Officer Cerritos ("Officer Cerritos") (herein "Defendant Officers") were dispatched to 797 West 27th Street in reference to a noise complaint at the home. On information and belief, this was the second dispatch to the home in reference to a noise complaint.

12.      Upon arrival, Defendant Officers could hear loud music coming from the residence. Defendant Officers saw subjects entering the residence and closing and locking the gate, preventing Defendant Officers from entering the home. After multiple attempts, Defendant Officers were unable to

locate the owner of the residence. Further, the unknown home owner disregarded Defendant Officers' commands to cease playing the loud music, frustrating them.

13.     Officer Balcazar issued an Administrative Penalty to the owner of the residence. He placed a copy on the front door of the 797 West 27th Street home because he was unable to contact the home owner and none of the party attendees claimed ownership of the residence.

14.     On information and belief, Defendant Officers were ordered by a Supervising Officer, believed to be Sergeant Baker, to unconstitutionally stop and search all cars leaving the party in retaliation for the two noise complaints and the home owner's failure to cease the loud music. According to body worn camera footage, officers at the scene received orders to start towing people's cars, checking registration, and stopping people for "assessment" as they left the party.[1] On information and belief, officers began stopping pedestrians and drivers of vehicles without probable cause as a result of these orders.

15.     While at the scene of the noise incident, Sergeant Baker observed three subjects, including Plaintiff, leaving the party in a black Toyota Corolla. Plaintiff was seated in the back passenger seat of the vehicle behind the driver. Officer Guzzino followed the vehicle as it drove away from the party.

16.     On information and belief, Officer Guzzino then initiated a traffic stop of the vehicle without probable cause, solely because the occupants had been seen leaving the party and may have ingested alcohol. Defendant Officers never saw the occupants of the vehicles drinking alcohol. Further, the driver of the vehicle was not driving erratically or in any way that would suggest the driver was inebriated. Once Officer Guzzino initiated the stop, the vehicle immediately yielded on North H Street,

---

[1] According to one officer's statements, the party goers "wanted to be jerks" toward the police officers, so the officers were towing cars and checking all registration in retaliation. Another officer stated, in words or substance, "When people play games, they win stupid prizes. . . I wanted the owner of the house so this is what you get. . . This is the response that you get."

north of West 25th Street. Officer Balcazar then assisted Officer Guzzino in conducting the traffic stop.

17.    Upon first speaking with the driver of the vehicle, Cesar Rosa ("Mr. Rose"), Officer Guzzino advised Mr. Rosa that he had been pulled over because he was seen leaving the party and the officers were making sure he had not been drinking alcohol.[2] According to Officer Guzzino's body worn camera footage, Officer Guzzino stated, in words or substance, that Mr. Rosa had been pulled over "**to make sure you're not drunk**. You're leaving a party." Mr. Rosa informed Officer Guzzino that he was

---

[2] In contrast, Officer Guzzino's Incident Report states that he initiated the stop of Mr. Rosa's vehicle after he observed the vehicle failing to stop at the limit line of a stop sign. The body worn camera footage of the incident clearly displays that Mr. Rosa's vehicle remained stopped at the stop sign for at least five seconds before making a right-hand turn.





Further, at the scene, Officer Guzzino never stated that Mr. Rosa had failed to stop at the stop sign. Instead, he told Mr. Rosa that he stopped the vehicle to make sure Mr. Rosa was not drunk. Therefore, on information and belief, Officer Guzzino falsely reported the reason for the traffic stop in his Incident Report.

5

sober and had not done anything illegal to justify the stop.

18.     Officer Guzzino then removed Mr. Rosa from the vehicle and began to walk him toward the curb. Mr. Rosa kept asking Officer Guzzino why he had been pulled over if he had not done anything wrong. In response to Mr. Rosa's questioning, Officer Guzzino threatened Mr. Rosa with handcuffs: "Do you want to be cuffed, dude?" Mr. Rosa stated that he did not want to be handcuffed.

19.     Seconds later, Officer Guzzino informed Mr. Rosa that due to his questioning and attitude, Officer Guzzino was detaining Mr. Rosa. According to Officer Guzzino's body worn camera footage, Officer Guzzino stated, in words or substance, "Because of your attitude and because I don't feel safe with you acting like a punk, you're being detained. You're not under arrest, but all of you guys are detained." Officer Guzzino then handcuffed Mr. Rosa and placed him in a seated position on the curb next to the vehicle.[3]

20.     Mr. Rosa never threatened Officer Guzzino with any violence, never stated that he possessed a weapon, and never raised his voice at Officer Guzzino. At no point did any other occupant of the vehicle, including Plaintiff, threaten any officer at the scene. Mr. Rosa merely repeatedly questioned Officer Guzzino as to the reason for the traffic stop.[4] In response, Officer Guzzino decided to detain and handcuff all three occupants of the vehicle, including Plaintiff.

21.     While Officer Guzzino detained Mr. Rosa, Officer Balcazar removed the front passenger, Martin Estrada ("Mr. Estrada"), from the vehicle. Officer Balcazar conducted a pat-down search of Mr. Estrada and placed him in a seated position on the curb next to Mr. Rosa.

22.     Officer Guzzino asked Mr. Rosa if he gave consent for Defendant Officers to search his vehicle. Mr. Rosa replied that he did not consent to any search of the vehicle.

---

[3] According to Officer Guzzino's Incident Report, he detained Mr. Rosa "due to his passive resistant behavior."

[4] Pursuant to First Amendment, Mr. Rosa was well within his constitutional rights to ask Officer Guzzino for the reason for the stop.

6

23.    After detaining Mr. Rosa, Officer Guzzino then began to remove Plaintiff—seated in the rear passenger seat on the driver's side of the car—from the vehicle in order to detain him and place him in handcuffs. As he exited the car, Plaintiff placed the strap of his personal bag over his shoulder. Plaintiff then complied with Officer Guzzino's orders to place his arms behind his back.

24.    As seen through Officer Guzzino's body worn footage, Officer Guzzino placed Plaintiff facing in a standing position with Plaintiff's back toward Officer Guzzino. Plaintiff held both arms behind his back, while asking Officer Guzzino what he was doing and why he was being arrested. Although Plaintiff held his hands behind his back without resisting, Officer Guzzino kept repeating, "Don't resist. Don't resist."

25.    Officer Balcazar then walked over to assist Officer Guzzino, and caused Plaintiff to bend over the trunk of the vehicle with his arms behind his back and facing slightly upward, as the officers began to place handcuffs on Plaintiff. Plaintiff, who was clearly not resisting and under the control of Defendant Officers, repeatedly told the officers, in words or substance, "I'm not resisting" and "Do whatever you want."

26.    Seconds after he began to detain Plaintiff, Officer Guzzino began stating, in words or substance "Should we get him on the ground?" and "I'm putting him on the ground, dude." Plaintiff was not resisting the detention and had made no threats to Defendant Officers, yet Officer Guzzino immediately wanted to take Plaintiff to the ground.

27.    At this point, Officer Cerritos joined Officers Balcazer and Guzzino and aggressively secured the handcuff around Plaintiff's left wrist. As Officer Cerritos began placing the handcuffs around Plaintiff's right wrist, he claimed Plaintiff—who was at that time forcefully pinned against the vehicle by two other officers—was pulling his hands away and needed to be "taken to the ground." However, Officer Guzzino's body worn camera footage shows that Plaintiff was complying with the

COMPLAINT

officers' commands and, as both Officer Guzzino and Officer Balcazar held Plaintiff's arms, Plaintiff was not physically able to pull his hands away as Officer Cerritos claimed he had. Further, while attempting to place the handcuff around Plaintiff's right wrist, Officer Cerritos stated, in words or substance, that the handcuff was caught on Plaintiff's watch, indicating that any perceived difficulty in handcuffing Plaintiff was not due to Plaintiff's resistance.

28.     Defendant Officers then forcefully slammed Plaintiff onto the ground, as Officer Guzzino had been itching to do since the start of the interaction. Defendant Officers ordered Plaintiff to place his hands behind his back, to which he immediately complied. In fact, Officer Guzzino's body worn camera footage clearly shows Plaintiff lying on the ground with his hands placed behind his back throughout the incident. Nevertheless, Defendant Officers continued to yell for Plaintiff to put his hands behind his back and forcefully placed their knees on Plaintiff's back and neck until they had finished handcuffing Plaintiff. Plaintiff was clearly not resisting, yet Defendant Officers forcefully twisted Plaintiff's arms, shoved their knees into Plaintiff's back and neck, and ground Plaintiff's face into the concrete.

29.     Throughout Defendant Officers' forceful and aggressive conduct, Plaintiff informed the officers that he was in pain and pleaded for them to stop pushing his face into the concrete. After Defendant Officers detained and handcuffed Plaintiff, they did not provide him with basic necessary care for his physical pain and injuries. Plaintiff suffered from extensive facial cuts and bruising as a result of Defendant Officers' conduct.

30.     In addition to his physical injuries, Plaintiff was traumatized by this incident with Defendant Officers and suffers from severe depression as a result of Defendant Officers' conduct.

//

//

//

# FIRST CAUSE OF ACTION

### Civil Rights Action (42 U.S.C. §1983) Unlawful Stop and Detention
### Against Defendants and Does 1-50

31.     Plaintiff realleges all prior paragraphs of this Complaint and hereby incorporates by reference as though fully set forth herein.

32.     U.S.C. §1983 provided in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

33.     Plaintiffs had a firmly established right under the Fourth Amendment to be free from unreasonable seizure.

34.     A detention without reasonable suspicion that a citizen has committed a crime violated the Fourth Amendment prohibition on unreasonable searches and seizure.

35.     A police officer may stop and briefly detain a citizen based on a reasonable suspicion of involvement in a crime.

36.     Plaintiff had committed no criminal offense or a traffic offense when Defendant Officers initiated the stop.

37.     Defendants knew there was no basis for the traffic stop.

38.     Defendants acted unreasonably in stopping the Subject Vehicle and subjecting Plaintiff to a prolonged investigatory detention.

39.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

//

9

COMPLAINT

## SECOND CAUSE OF ACTION

### Civil Rights Action (42 U.S.C. §1983) Excessive Force
### Against Defendants and Does 1-50

40.     Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and hereby incorporates by reference as though fully set forth herein.

41.     Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress.

42.     Plaintiff had a firmly established right to be free from excessive force being used against him.

43.     On May 11, 2019, Plaintiff posed no threat to Defendants when they used excessive force.

44.     There was no basis for the initial traffic stop or the interrogation that followed.

45.     There was no need for use of any force in this situation because there was no probable cause for an arrest.

46.     The use of force in slamming Plaintiff onto the subject vehicle, twisting Plaintiff's arms, slamming Plaintiff onto the ground, and beating Plaintiff while he was on the ground was unnecessary and excessive.

47.     The use of force when Plaintiff was already in handcuffs on the ground was unnecessary and excessive.

48.     Defendants acted under color of state law in violating Plaintiffs' rights.

49.     Defendants were acting in purported compliance with a policy promulgated by the San Bernardino Police Department, in using force against citizens who had broken no law.

//

//

COMPLAINT

50.     During the relevant period, defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the City of San Bernardino.

51.     Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that use of force in these circumstances was illegal under clearly established law.

52.     The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution which has also legally, proximately, foreseeably and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, and further damages according to proof at the time of trial.

53.     The conduct alleged herein was done in deliberate or reckless disregard of and plaintiff's constitutionally protected rights; justifying the award of exemplary damages against defendant officers in an amount according to proof at the time of trial in order to deter the defendant from engaging in similar conduct and to make an example by way of monetary punishment.

54.     Plaintiff is also entitled to attorney fees and costs of suit herein.

### **THIRD CAUSE OF ACTION**

**Civil Rights Action (42 U.S.C. §1983) False Arrest
Against Defendants and Does 1-50**

55.     Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and hereby incorporates by reference as though fully set forth herein.

56.     Plaintiff had a firmly established right under the Fourth Amendment to be free from arrest without probable cause. Defendants arrested Plaintiff without a warrant despite the fact that he had committed no crime.

57.     Defendants arrested Plaintiff without probable cause.

//

58.     Defendants were at this time performing their duties as officers for the defendant, City of San Bernardino.

59.     During the relevant period, Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the City of San Bernardino.

60.     The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

61.     Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

62.     Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

## FOURTH CAUSE OF ACTION

### Civil Rights Action (42 U.S.C. §1983) False Imprisonment
### Against Defendants and Does 1-50

63.     Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same herein by this reference.

64.     Defendants unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that they had committed no crimes.

65.     False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

//

//

COMPLAINT

66.     The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of California Civil Code § 3294 et seq. and punitive damages should be assessed against each defendant for the purpose of punishment and for the sake of example.

67.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## **PRAYER**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.     Directing Defendants to set forth policies and procedures as may be necessary and proper with respect to the use of force.

2.     Entering judgment for compensatory general and special damages in an amount in accordance with proof.

3.     Entering judgment for exemplary damages against each of the individual defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.

4.     Awarding reasonable attorney's fees, expenses, and costs of suit.

5.     Granting such other and further relief as the Court deems proper.

Dated: October 22, 2020                              Respectfully Submitted,

                                        **RICHIE LITIGATION, P.C.**


By: _____
                    Darren Richie
                    Kathleen Gadalla
                    Attorneys for Plaintiff
                    JESUS ORTIZ PAZ