**STEVEN J. ROTHANS** – State Bar No. 106579
**JILL WILLIAMS** – State Bar No. 221793
**CAYLIN W. JONES** – State Bar No. 327829
**CARPENTER, ROTHANS & DUMONT, LLP**
500 S. Grand Avenue, 19th Floor
Los Angeles, CA  90071
(213) 228-0400 / (213) 228-0401 [Fax]
jwilliams@crdlaw.com / cjones@crdlaw.com

Attorneys for Defendants,
City of San Bernardino, Officer Alberto Balcazar,
Officer Alex Cerritos, and Officer Matt Guzzino

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ORTIZ PAZ, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF SAN BERNARDINO, OFFICER M. GUZZINO, an individual, OFFICER A. BALCAZAR, an individual, OFFICER A. CERITOS, an individual, and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No.: 20-cv-01486-JGB-KK<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:　　December 7, 2020<br>Time:　　9:00 a.m.<br>Courtroom: 1 (Riverside) |

**PLEASE TAKE NOTICE** that **December 7, 2020**, at **9:00 a.m.**, or as soon thereafter as counsel may be heard in Courtroom 1 of the United States District Court, Central District, located at 3470 Twelfth Street, Riverside, CA, 92501 Defendants City of San Bernardino, a public entity, and Officer Guzzino, Officer Balcazar and Officer Cerritos, public employees, will and hereby do move this Court, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for an order dismissing the entire action, with prejudice, where all of the plaintiff's claims are barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

1  Furthermore, the First Amended Complaint fails to allege sufficient facts to state
2  any claim against the City of San Bernardino.  Finally, plaintiff's third and fourth
3  claims are duplicative and should be stricken.
4     As required by Central District Local Rule 7-3, prior to the filing of this
5  motion, defense counsel emailed plaintiff's counsel a letter advising of the intent to
6  file this motion, outlining the bases for the motion, and inviting further meet and
7  confer discussions.  No response to that letter was received.
8     This motion will be made and based on this Notice of Motion, the
9  Memorandum of Points and Authorities, the pleadings and records on file with this
10 court, any evidence of which the Court may take judicial notice prior to or at the
11 hearing of this matter, and upon such oral or documentary evidence as may be
12 presented at the hearing of this motion.

14 DATED: November 5, 2020          CARPENTER, ROTHANS & DUMONT LLP

                                   /s/ *Caylin W. Jones*
                          By:  _____
                              Jill Williams
                              Caylin W. Jones
                              Attorneys for Defendants
                              City of San Bernardino, and
                              Officers Matt Guzzino, Alberto Balcazar,
                              and Alex Cerritos

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. PLAINTIFF'S CLAIMS ................................................................................. 2

III. LEGAL STANDARD ON MOTION TO DISMISS ...................................... 2

IV. ARGUMENT .................................................................................................. 4

    A. This Entire Action Is Barred By The Doctrine Set Forth By The Supreme Court In *Heck v. Humphrey*. ................................................ 4

        1. Arrest and Detention (Claims 1, 3 and 4) ................................... 5

        2. Excessive Force (Claim 2) .......................................................... 7

    B. Plaintiff's Third and Fourth Claims are Duplicative and Should Therefore be Dismissed. ............................................................................ 9

    C. The Complaint Fails To State Facts Sufficient To Support Any Claim For Relief Under 42 U.S.C. § 1983 Against The City of San Bernardino. ..................................................................................................... 9

V. CONCLUSION ............................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*AE ex rel. Hernandez v. Cnty. of Tulare,*
666 F.3d 631, 636 (9th Cir. 2012) ................................................................................9

*Agner v. City of Hermosa Beach,*
315 F. App'x 29 (9th Cir. 2008) ...................................................................................6

*Alatraqchi v. City & Cty. of San Francisco,*
No. 99-CV-4569-PJH, 2001 WL 637429, *2 (N.D. Cal. May 30, 2001) ...................6

*Ashcroft v. Iqbal,*
556 U.S. 662, 678 (2009) ........................................................................................2, 3

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696, 699 (9th Cir. 1988) ...............................................................................2

*Bell Atlantic Corporation v. Twombly,*
550 U.S. 544 (2007) .................................................................................................2, 3

*City of Canton v. Harris,*
489 U.S. 378, 388-89 (1989) .....................................................................................10

*Crooms v. P.O. Mercado,*
No. 41, 955 F.Supp. 985, 988 (N.D. Ill. 1997) ...........................................................8

*Franklin v. Cty. of Riverside,*
971 F. Supp. 1332, 1336 (C.D. Cal. 1997) .................................................................8

*Franklin v. Smith,*
161 F.3d 12 (9th Cir. 1998) .........................................................................................8

*Gillette v. Delmore,*
979 F.2d 1342, 1346-47 (9th Cir. 1992) ...................................................................10

*Gocke v. United States,*
No. EDCV16-1560 MWF (SHKx), 2019 WL 4238881,
at *8 (C.D. Cal. July 10, 2019) ....................................................................................6

///

*Heck v. Humphrey*,
512 U.S. 477 (1994)..................................................................................1, 4, 5, 6, 9

*Johnson v. Burkes*,
No. C 98-2964 TEH(PR), 1998 U.S. Dist. LEXIS 13041,
at 1 (N.D. Cal. Aug. 14, 1998) ...............................................................................9

*Monell v. Dep't of Soc. Servs. of City of New York*,
436 U.S. 658, 690-91 (1978) .....................................................................9, 10, 11

*People v. Olguin*,
119 Cal.App.3d 39 (1981) .....................................................................................8

*People v. White*,
101 Cal.App.3d 161, 164 (1980) ...........................................................................8

*Price v. Sery*,
513 F.3d 962, 966 (9th Cir. 2008) ........................................................................10

*Rodgers v. Lincoln Towing Serv., Inc.*,
771 F.2d 194, 202 (7th Cir. 1985) ..................................................................10, 11

*Rodriguez v. City of Modesto*,
535 Fed. Appx. 643, 646 (9th Cir. 2013) ..............................................................10

*Sherman v. City of Davis*,
362 Fed. App'x 726, 727 (9th Cir. 2010) ...............................................................6

*Spiller v. City of Texas City, Police Dep't*,
130 F.3d 162, 167 (5th Cir. 1997) ........................................................................11

*Via v. City of Fairfield*,
833 F.Supp.2d 1189 (E.D. Cal. 2011) ..................................................................11

*Weisbuch v. Cnty. of Los Angeles*,
119 F.3d 778, 783 (9th Cir. 1997) ..........................................................................2

*Wilson ex rel. Bevard v. City of W. Sacramento*,
No. CIV. 2:13-2550 WBS, 2014 WL 1616450,
at *1 (E.D. Cal. Apr. 22, 2014).............................................................................10

*Young v. City of Visalia*,
 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) ..........................................................11

**Statutes**

28 U.S.C. § 1915.................................................................................................................9

42 U.S.C. § 1983.............................................................................1, 2, 4, 8, 9, 10

Penal Code § 69 ....................................................................................................................6

Penal Code § 148(a)......................................................................................................1, 4

Penal Code § 415 ....................................................................................1, 4, 6, 7, 8

**Other Authorities**

9th CIR. MODEL JURY INSTR. 9.23 ...........................................................................6

CAL CRIM MODEL JURY INSTR. 2688 ....................................................................8

**Rules**

Fed. R. Civ. P. RULE 8(a)(2) ......................................................................................2

Fed. R. Civ. P. Rule 12 (b)(6)................................................................................1, 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out the arrest of Plaintiff Jesus Ortiz Paz on May 11, 2019. On that night, Ortiz Paz attended a party held at 797 West 27th Street in San Bernardino. FAC ¶ 10. As Ortiz Paz was leaving the party, Officer Guzzino initiated a traffic stop of the vehicle that Ortiz-Paz was a passenger in. FAC ¶ 16. Officer Guzzino ordered plaintiff out of the vehicle. FAC ¶ 23. Plaintiff refused to put his backpack down and resisted the Officer Guzzino, Officer Balcazar, and Officer Cerritos. As a result of Ortiz Paz's actions, he was arrested and the San Bernardino District Attorney charged him with violations of Penal Code §§ 148(a) (resisting arrest) and 415 (fighting, noise, offensive words). See RJN Ex. "A." On August 7, 2020, plaintiff Ortiz-Paz pleaded no contest to a violation of Penal Code § 415 (fighting, noise, offensive words) and was convicted of this charge. Id.

Pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), the defendants seek dismissal of the First Amended Complaint, with prejudice. First, all of Ortiz Paz's claims in this lawsuit are premised on his arrest, ensuing imprisonment and the use of force by the defendant officers. However, in light of Ortiz Paz's criminal conviction, all of the claims he asserts are barred and this action should be dismissed, pursuant to the doctrine established by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). Second, plaintiff's third and fourth claims (for "arrest without probable cause" and "false imprisonment", both asserted under 42 U.S.C. § 1983) are duplicative and should be stricken. Third, the First Amended Complaint fails to state sufficient facts to support any claim for relief against the City of San Bernardino under 42 U.S.C. § 1983, because the Complaint fails to allege facts (as opposed to conclusions of law) that a "custom, practice or policy" existed that led to a violation of the plaintiff's civil rights.

/ / /
/ / /

## II. PLAINTIFF'S CLAIMS

The First Amended Complaint asserts the following four claims against the City of San Bernardino and defendant officers:

(1) Unlawful Detention (42 U.S.C. § 1983)

(2) Excessive Force (42 U.S.C. § 1983)

(3) Arrest Without Probable Cause (42 U.S.C. § 1983)

(4) False Imprisonment (42 U.S.C. § 1983)

## III. LEGAL STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss a claim where a Complaint fails to state facts sufficient to support a claim upon which relief can be granted. Fed. R. Civ. P. Rule 12 (b)(6). A motion to dismiss under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 (9th Cir. 1997).

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), the Supreme Court discussed a motion to dismiss for failure to state a claim in light of Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. RULE 8(a)(2). In *Twombly*, the Court recognized that Rule 8 does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal citations and quotations omitted). In *Ashcroft*, the Supreme Court discussed at length the two guiding principles established by *Twombly*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation"). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Ashcroft*, 556 U.S. at 678-79 (internal citations omitted). The second principle enunciated by the Court in *Twombly* focuses on the plausibility of a claim for relief:

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

*Ashcroft*, 556 U.S. at 679 (internal citations and quotations omitted).

In other words, the plaintiff's Complaint must contain facts that "nudge [the] claims . . . across the line from conceivable to plausible." Id. at 680, *citing Twombly*, 550 U.S. at 570. Here, the plaintiff's allegations do not satisfy this burden.

/ / /

/ / /

3
NOTICE OF MOTION AND MOTION TO DISMISS

## IV. ARGUMENT

### A. This Entire Action Is Barred By The Doctrine Set Forth By The Supreme Court In *Heck v. Humphrey*.

As a result of his conduct on May 11, 2019, Ortiz Paz was arrested for violating Penal Code § 148(a) (resisting a peace officer). See RJN Ex. "A." On August 7, 2020, Ortiz Paz entered a plea deal, wherein he pleaded no contest to, and was ultimately convicted of, the lesser offense of Penal Code § 415 (fighting, noise and offensive words). Id. Because Ortiz Paz's conviction has not been reversed, expunged, declared invalid or called into question, each of his claims is barred by the doctrine established by the Supreme Court in *Heck v. Humphrey*, *supra*, 512 U.S. 477. In *Heck*, the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under Section 1983.

Id. at 486-87 (emphasis in original). Thus, all of plaintiff's claims under 42 U.S.C. § 1983 are barred.

In the context of a prisoner's malicious prosecution claim, in *Heck*, the Court explained the rationale underlying its holding:

> This requirement "avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [ sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of

> a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." [Citation.] Furthermore, "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit." [Citation.] This Court has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack, [citations]. We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Heck*, 512 U.S. at 484-86. Allowing Ortiz Paz to proceed with this lawsuit would run afoul of the fundamental holding of *Heck*, where his claims in the lawsuit are, essentially, a collateral attack on his criminal conviction.

Plaintiff Ortiz Paz's claims can generally be divided into two categories: (1) arrest and detention; and (2) use of force. His criminal conviction bars these claims.

### 1. Arrest and Detention (Claims 1, 3 and 4)

With regard to Ortiz Paz's first, third, and fourth claims, these claims are premised on the idea that Ortiz Paz was wrongfully seized and arrested in violation of the Fourth Amendment. See FAC ¶ 38 "Defendants acted unreasonably in stopping the Subject Vehicle and subjecting Plaintiff to a prolonged investigatory detention."; "Defendants arrested Plaintiff without probable cause." FAC ¶ 57; "Defendants unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that they had committed no crimes." FAC ¶ 64.

These claims hinge on the idea that there was no probable cause to detain or arrest Ortiz Paz and that he was seized in violation of the Fourth Amendment.

To succeed on a claim for unlawful arrest or detention in violation of the Fourth Amendment Ortiz Paz must show that his arrest was without a warrant or probable cause; in other words, officers had no reason to believe that he "ha[d] committed or was committing a crime." See 9th CIR. MODEL JURY INSTR. 9.23. **Ortiz Paz's criminal conviction bars him from arguing that probable cause did not exist for his arrest and detention.** See RJN, Ex. "A"; see also *Agner v. City of Hermosa Beach*, 315 F. App'x 29 (9th Cir. 2008) (Arrestee's false arrest claim under § 1983 against city and police officers was barred by Supreme Court's ruling in *Heck v. Humphrey*, where judgment for arrestee would necessarily impugn unfavorable disposition of prior criminal proceedings against him); *Sherman v. City of Davis*, 362 Fed. App'x 726, 727 (9th Cir. 2010) (summarily affirming the district court's grant of summary judgment of the "false imprisonment and false arrest claims because these claims necessarily implied the invalidity of Sherman's convictions, which had not been overturned"); *Alatraqchi v. City & Cty. of San Francisco*, No. 99-CV-4569-PJH, 2001 WL 637429, *2 (N.D. Cal. May 30, 2001) (granting the city and county's summary judgment for false arrest and false imprisonment claims on grounds that the claims were barred by *Heck* where the plaintiff had pled no contest to disturbing the peace stemming from a traffic stop).

In *Gocke v. United States*, No. EDCV16-1560 MWF (SHKx), 2019 WL 4238881, at *8 (C.D. Cal. July 10, 2019), the Court addressed a case with facts similar to those in this case. There, the plaintiff had been arrested for violation of Penal Code § 69 (felony resisting arrest). In a subsequent plea deal, the plaintiff pleaded guilty to violation of Penal Code § 415 (disturbing the peace). The District Court granted summary judgment in favor of the defendants on the arrest and imprisonment claims, finding that:

the legality of Plaintiff's arrest on July 20, 2015, is directly implicated by his false arrest and imprisonment claim in this action. Plaintiff's plea to a violation of Penal Code section 415 involves the incident with Officer Davis on July 20, 2015, and directly involves his false arrest and imprisonment claim. His assertion that his plea should not be considered is therefore "a collateral attack on his conviction for disturbing the peace." [Citation].

As a result, his claim is barred by Heck and its progeny.

Id. at *7–8. The facts of this case compel the same result: dismissal of all false arrest and imprisonment claims (Claims 1, 3 and 4).

### 2. Excessive Force (Claim 2)

In his second claim, Ortiz Paz alleges that the defendant officers used excessive force against him in violation of his Fourth Amendment rights. See FAC ¶ 43-46. In this claim, Ortiz Paz claims that "There was no basis for the initial traffic stop or the interrogation that followed. There was no need for use of any force in this situation because there was no probable cause for arrest." Id. at ¶ 43-44. This claim is premised on an allegation that the defendant officers lacked justification to contact him and, therefore, any use of force against him was unlawful. This claim is also foreclosed by Ortiz Paz's conviction for violating Penal Code § 415. This statute provides that, "Any of the following persons shall be punished by imprisonment in the county jail for a period of not more than 90 days, a fine of not more than four hundred dollars ($400), or both such imprisonment and fine: (1) Any person who unlawfully fights in a public place or challenges another person in a public place to fight. (2) Any person who maliciously and willfully disturbs another person by loud and unreasonable noise. (3) Any person who uses offensive words in a public place which are inherently likely to provoke an immediate violent reaction." CAL. PENAL CODE § 415. In order for Ortiz Paz to have been convicted of violating section 415, it must have

7
NOTICE OF MOTION AND MOTION TO DISMISS

been established that: (1) Ortiz Paz willingly and unlawfully fought or challenged someone else to fight; (2) Ortiz Paz and the officers were in a public place when the fight occurred or challenge was made and (3) **Ortiz Paz did not act in self-defense or in defense of someone else.** See CAL CRIM MODEL JURY INSTR. 2688. 2688.

With regard to the third element, a police officer is not lawfully performing his duties if he uses unreasonable or excessive force on the individual at the time the defendant's conduct. See id.; *People v. Olguin*, 119 Cal.App.3d 39 (1981); *People v. White*, 101 Cal.App.3d 161, 164 (1980). If any of the defendant officers had been using excessive force, plaintiff could have asserted self-defense and upon a finding that plaintiff was acting in valid self-defense, he would negate the third element of Penal Code § 415 and could not be convicted of the charge. See *Franklin v. Cty. of Riverside*, 971 F. Supp. 1332, 1336 (C.D. Cal. 1997), aff'd sub nom. *Franklin v. Smith*, 161 F.3d 12 (9th Cir. 1998), *citing Crooms v. P.O. Mercado, No. 41,* 955 F.Supp. 985, 988 (N.D. Ill. 1997) (noting that a plaintiff convicted of battery of a peace officer could not maintain a § 1983 action for excessive force "[b]ecause self-defense is a justification defense to the crime of battery of an officer, [and the plaintiff's] claim that [the police officers] used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer"). Therefore, implicit within a conviction for violating Penal Code § 415 is a finding that the defendant officers did not use unreasonable or excessive force.

Ortiz Paz has not alleged, and cannot allege, that his conviction has been reversed, expunged or otherwise called into question. Therefore, he cannot maintain this action because, implicit within the conviction, was a finding that the defendant officers did not use excessive force against him. If Ortiz Paz were to prevail in this case by convincing the Court or a jury that the force used against

him was excessive, "two conflicting resolutions arising out of the same or identical transaction" (*Heck*, 512 U.S. at 484) would result, the very thing *Heck* bars.

### B. Plaintiff's Third and Fourth Claims are Duplicative and Should Therefore be Dismissed.

Plaintiff's third claim asserts a cause of action for "False Arrest" on the premise that "Defendants arrested Plaintiff without probable cause." FAC ¶ 57. Plaintiff's fourth claim is not meaningfully different than his third claim. It is entitled "False Imprisonment" and alleges that the "Defendants unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that he committed no crimes." FAC ¶ 64. Not only does the plaintiff's conviction bar him from arguing that he had "committed no crimes," in essence, both of these claims allege that the plaintiff was wrongfully seized and arrested. As such, these claims are duplicative and should be dismissed as such. See *Johnson v. Burkes*, No. C 98-2964 TEH(PR), 1998 U.S. Dist. LEXIS 13041, at 1 (N.D. Cal. Aug. 14, 1998) ("Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C.S. § 1915 as malicious.")

### C. The Complaint Fails To State Facts Sufficient To Support Any Claim For Relief Under 42 U.S.C. § 1983 Against The City of San Bernardino.

Public entities, such as the City of San Bernardino, cannot be held liable under 42 U.S.C. § 1983 based on a respondeat superior theory of liability for injuries caused solely by its employees or agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *AE ex rel. Hernandez v. Cnty. of Tulare,* 666 F.3d 631, 636 (9th Cir. 2012) ("Section 1983 suits against local governments alleging constitutional rights violations by government officials

/ / /
/ / /

cannot rely solely on respondeat superior liability."). Rather, the City can only be directly liable for civil rights violations under § 1983 in three narrow circumstances.

First, a local government may be held liable "when implementation of its official policies or established customs inflicts the constitutional injury." *Monell*, 436 U.S. at 708; see also *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (stating that plaintiffs may "establish municipal liability by demonstrating that . . . the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity" (internal quotation marks omitted)). Second, a local governmental body may be liable if its failure to train employees has caused a constitutional violation and the failure to train amounts to deliberate indifference to the rights of individuals with whom those employees come into contact. See *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). Third, a local government may be held liable under section 1983 if plaintiff proves that "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

At no point in plaintiff's First Amended Complaint does he ever allege that there existed a custom, practice, or policy at the City that led to a violation of his civil rights. Rather, plaintiff states in a conclusory fashion that "during the relevant period, defendants were acting under the color and pretense of law, to wit: under color of statutes, ordinances, regulations, customs and usages of the State of California and the City of San Bernardino." FAC ¶ 50. In this regard, "courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability." *Wilson ex rel. Bevard v. City of W. Sacramento*, No. CIV. 2:13-2550 WBS, 2014 WL 1616450, at *1 (E.D. Cal. Apr. 22, 2014), citing *Rodriguez v. City of Modesto*, 535 Fed. Appx. 643, 646 (9th Cir. 2013); *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 202 (7th Cir.

1985); see also *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."). As the Court explained in *Via v. City of Fairfield*, 833 F.Supp.2d 1189 (E.D. Cal. 2011):

> This low threshold for pleading a Monell claim, however, cannot survive after the Supreme Court rejected "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" in Iqbal. [Citation.] Since Iqbal, courts have repeatedly rejected such conclusory allegations that lack factual content from which one could plausibly infer Monell liability. See e.g., Palermo v. Town of N. Reading, 370 Fed.Appx. 128, 131 n. 4 (10th Cir. 2010) (dismissing a Monell claim when "the complaint as a whole contained no factual assertions whatsoever regarding Town policy"); [citations].
>
> **Although plaintiff may benefit from discovery, the Supreme Court has made it clear that threadbare allegations are insufficient to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."** [Citation.]

Id. at 1196 (emphasis added); see also *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) (granting the defendant's motion to dismiss plaintiff's *Monell* claim where in "attempting to allege liability based on inadequate training and hiring practices," the plaintiff's complaint, "merely ma[de] 'threadbare' conclusions that track the elements for *Monell* liability.").

Because all of the plaintiff's claims against the City of San Bernardino are "armed with nothing more than conclusions", that is insufficient to withstand a motion to dismiss and "unlock the doors of discovery".

///
///

## V. CONCLUSION

Based upon the foregoing, the defendants respectfully request that this Court grant the instant Motion to Dismiss, without affording the plaintiff leave to amend.

DATED: November 5, 2020        CARPENTER, ROTHANS & DUMONT LLP

By: /s/ *Caylin W. Jones*
_____
Jill Williams
Caylin W. Jones
Attorneys for Defendants
City of San Bernardino, and
Officers Matt Guzzino, Alberto Balcazar,
and Alex Cerritos